**Mansour WOSOUGH–KIA, Zahra Wosough-Kia and Fariborz Wosough-Kia, Petitioners,**

**v.**

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 78–2234.**

United States Court of Appeals, Ninth Circuit.

June 4, 1979.

Michael D. Ullman, Beverly Hills, Cal., for petitioners.

Karin H. Brettaver, Asst. U. S. Atty., Los Angeles, Cal., on brief; Donna Goldstein, Asst. U. S. Atty., Los Angeles, Cal., for respondent.

Before KENNEDY and HUG, Circuit Judges, and SOLOMON,* District Judge.

* Honorable Gus J. Solomon, United States District Judge for the District of Oregon, sitting by designation.

PER CURIAM:

The petitioner, who is subject to a deportation order previously affirmed by the Board of Immigration Appeals, appeals from the Board's denial of his motion to reopen the deportation proceedings. The Board treated petitioner's application for suspension as a motion to reopen the deportation proceedings. The petition alleges that the alien has a citizen child of school age and a few close relatives currently residing in the United States, and it is urged that the Board is required to grant a hearing on the petition under *Urbano de Malaluan v. I&NS*, No. 76–3120 (9th Cir. June 27, 1978). There is no merit to this contention, and we affirm the Board's order denying the petition to reopen, as well as the original deportation order.

 The purpose of a petition to reopen proceedings is to permit the petitioner to prove good moral character and extreme hardship by evidence not previously available for consideration by the Board. 8 C.F.R. § 3.2 provides: "Motions to reopen in deportation proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 3.8 provides that: "Motions to reopen shall state the new facts to be proved at the reopened hearing and shall be supported by affidavits or other evidentiary material." Here the deportation hearing was held in June of 1976 and the Board affirmed the order in July of 1977. The petitioner's application was filed on September 16, 1977 and the matters petitioner seeks to raise were raised at the original deportation proceedings. Absent an allegation or showing that the petitioner · was prepared to adduce evidence not previously available or considered by the Board, there were no grounds for reopening the proceedings. Moreover, the petitioner is required to allege specific evidence to support a claim of extreme hardship.

The petition to reopen is also sufficient to invoke our jurisdiction to review the Board's order affirming the immigration judge's denial of petitioner's application for waiver of ground of excludability, 8 U.S.C. § 1182(i), for permission to reapply for admission after deportation, *see id.* at (a)(17), and for adjustment of status, *see* 8 U.S.C. §§ 1254(a)(1), 1255. *See Santiago v. I&NS*, 526 F.2d 488, 489 n.3 (9th Cir. 1975) (en banc). The only issue raised by Wosough-Kia in his briefs and oral argument, however, is whether the denial of the motion to reopen was an abuse of discretion. We therefore decline to pass on the merits of the Board's decision in July of 1977.

AFFIRMED.